IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALPHACAP VENTURES LLC,<br><br>              Plaintiff,<br><br>  v.<br><br>ROCKETHUB, INC.,<br><br>              Defendant. | Case No. 2:15-cv-64<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AlphaCap Ventures LLC states its Complaint against defendant RocketHub Inc., and alleges as follows:

### THE PARTIES

1. Plaintiff AlphaCap Ventures LLC is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 695 Andrews Street, Livermore, California 94551.

2. Defendant RocketHub, Inc. is a corporation organized and existing under the laws of New York, with its principal place of business in New York, NY 10026.

### JURISDICTION AND VENUE

3. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

4. This action is for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Personal jurisdiction exists generally over Defendant because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over Defendant

because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets one or more products and/or services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patents-in-suit, as described more particularly below.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), because Defendant has committed acts of infringement in the Eastern District of Texas and has transacted business in the Eastern District of Texas.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,848,976

7. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

8. Plaintiff is the owner of all right, title, and interest in United States Patent No. 7,848,976, entitled "Private Entity Profile Network," duly and legally issued by the United States Patent and Trademark Office on December 7, 2010 (the "'976 patent"). A true and correct copy of the '976 patent is attached hereto as Exhibit A.

9. The '976 patent generally describes and claims a computer-implemented method of collecting and managing information related to financing. In the method of claim 1 of the '976 patent, resource providers are provided with input regions within a user interface, and the processing of input received in those input regions causes the system to define a data collection template of fields for a semi-homogenous profile of desired resource consumer information according to the requirements of a selected profile group. Authorized parties are provided access to the information associated with selected profile groups. Claims 2-4 of the '976 patent describe various other methods for collecting and managing information related to equity and debt financing.

10. Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '976 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention

within the United States. Specifically, Defendant has infringed and continues to infringe the '976 patent by making, using, offering to sell, selling, and/or importing into the United States its RocketHub online crowdfunding platform product and service, which is generally described, and is accessible, at http://www.rockethub.com/.

11. As a result of Defendant's infringing activities with respect to the '976 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendant's infringement of Plaintiff's exclusive rights under the '976 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 7,908,208

12. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

13. Plaintiff is the owner of all right, title, and interest in United States Patent No. 7,908,208, entitled "Private Entity Profile Network," duly and legally issued by the United States Patent and Trademark Office on March 15, 2011 (the "'208 patent"). A true and correct copy of the '208 patent is attached hereto as Exhibit B.

14. The '208 patent generally describes and claims a computer-implemented method of collecting and managing information related to equity and debt financing. The methods described by claims 1-41 of the '208 patent generally involve (i) defining a template for collection of resource consumer information using at least one processor; (ii) sending to the resource consumer a webpage with user-fillable fields; (iii) storing the resource consumer information in a database as a semi-homogenous profile; (iv) defining, by the at least one processor, portfolio categories; (v) storing, by the at least one processor, web links that, if selected, cause the creation of portfolio records for each portfolio category; (vi) defining items that will be contained in

portfolio records; and (vi) associating at least one semi-homogenous profile with at least one of the portfolio records.

15. Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '208 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, Defendant has infringed and continues to infringe the '208 patent by making, using, offering to sell, selling, and/or importing into the United States its RocketHub online crowdfunding platform product and service, which is generally described, and is accessible, at http://www.rockethub.com/.

16. As a result of Defendant's infringing activities with respect to the '208 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendant's infringement of Plaintiff's exclusive rights under the '208 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT THREE
## INFRINGEMENT OF U.S. PATENT NO. 8,433,630

17. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

18. Plaintiff is the owner of all right, title, and interest in United States Patent No. 8,433,630, entitled "Private Entity Profile Network," duly and legally issued by the United States Patent and Trademark Office on April 30, 2013 (the "'630 patent"). A true and correct copy of the '630 patent is attached hereto as Exhibit C.

19. The '630 patent generally describes and claims a computer-implemented method of providing data collection templates to facilitate the collection of information related to equity and debt financing. Claims 1 and 5 pertain to data collection templates for collecting information

about a company. The data collection templates of claim 2 are designed to collect information pertaining to a portfolio. The data collection templates of claims 3 and 4 are designed to collect information pertaining to resource consumers.

20. Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '630 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, Defendant has infringed and continues to infringe the '630 patent by making, using, offering to sell, selling, and/or importing into the United States its RocketHub online crowdfunding platform product and service, which is generally described, and is accessible, at http://www.rockethub.com/.

21. As a result of Defendant's infringing activities with respect to the '630 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendant's infringement of Plaintiff's exclusive rights under the '630 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

Plaintiff requests entry of judgment in its favor against Defendant for the following:

a) A declaration that Defendant has infringed one or more claims of the patents-in-suit;

b) An award of damages adequate to compensate Plaintiff for Defendant's infringement of the patents-in-suit, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs, in an amount according to proof;

c) An entry of a permanent injunction enjoining Defendant, and its respective officers, agents, employees, and those acting in privity with it, from further infringement of the patents-in-suit, or in the alternative, awarding a royalty for post-judgment infringement; and

d) An award to Plaintiff of such other costs and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury.

Dated: January 23, 2015　　　　　　　　　Respectfully submitted,

*/s/ Charles Ainsworth*
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Todd Kennedy, Esq.
Anthony J. Patek, Esq.
Marie A. McCrary, Esq.
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 789-6390
Facsimile: (415) 449-6469
adam@gutridesafier.com
seth@gutridesafier.com
todd@gutridesafier.com
anthony@gutridesafier.com
marie@gutridesafier.com

Charles Ainsworth
State Bar No. 00783521
Parker Bunt & Ainsworth
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
charley@pbatyler.com

Attorneys for Plaintiff AlphaCap Ventures LLC